[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-14940
Non-Argument Calendar
_____

Agency No. A208-445-965

PRATHMESHKUMAR PATEL,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(August 2, 2019)

Before ED CARNES, Chief Judge, MARTIN, and NEWSOM, Circuit Judges.

PER CURIAM:

Prathmeshkumar Patel seeks review of the Board of Immigration Appeals' final order affirming the denial of his application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment.

I.

Patel is a citizen of India who entered the United States without inspection in August 2015.  He applied for asylum, withholding of removal, and CAT relief based on political opinion, claiming that while involved with the Congress Party in India he was repeatedly threatened and attacked by members of the rival Bharatiya Janata Party (BJP).  He attached corroborating evidence to his application that included a letter from the Congress Party saying that he had been an active party worker since 2011, the Wikipedia page for the BJP, several articles describing the differences between the BJP and the Congress Party, and two reports on human rights in India.  One of those reports described incidents of vigilante groups associated with the BJP attacking religious minorities, but not members of the Congress Party.

Patel testified at his merits hearing about two attacks that he allegedly suffered at the hands of BJP members, and the Immigration Judge questioned him about inconsistencies between his testimony and descriptions of the attacks in his asylum application.  The IJ also raised concerns when Patel testified that his son

2

had an encounter in a park with BJP members who said they would make his son an orphan, after which his son asked him what "orphan" meant. The IJ found that story unbelievable because Patel's son would have been only 11 months old at the time. Patel's counsel asked for more time to obtain additional corroborating evidence in light of these inconsistencies, but the IJ denied the request.

The IJ then issued an oral decision denying Patel's application. The IJ found that Patel's testimony differed from his written statement and credible fear interview and that he did not provide any convincing corroborating evidence. The IJ made an adverse credibility determination based on three specific inconsistencies: (1) in his statement Patel said that after the first alleged attack in September 2013 his wife treated his nose with ice, but in his testimony Patel claimed that he was treated by his family physician afterwards; (2) Patel testified that his son asked him what "orphan" meant, even though his son would have been 11 months old at that time; and (3) during his testimony Patel testified that he was threatened by the police after the local president of the Congress Party accompanied him to the police station to report the second attack in September 2013, but Patel made no mention of reporting the attack or being threatened by the police in his written statement.

Alternatively the IJ determined that even if Patel were credible, his application would still fail because he did not provide sufficient corroborating

evidence.  The IJ noted in particular that neither Patel's family members nor any member of the Congress Party provided any statements corroborating Patel's story. The IJ noted further that the corroborating evidence Patel did provide was "suspect."  In light of the adverse credibility finding and lack of corroborating evidence, the IJ concluded that Patel could not establish past persecution or a well-founded fear of future persecution to establish asylum eligibility and also could not meet the higher burden of establishing eligibility for withholding of removal or relief under CAT.

Patel appealed to the BIA.  He contended that the IJ's adverse credibility finding was erroneous because it was based on only minor inconsistencies, that he established asylum eligibility through a well-founded fear of future persecution based on his political opinion, and that the IJ failed to make a factual finding or provide legal analysis as to why he was not qualified for withholding of removal. The BIA affirmed the IJ's decision.  It found that the IJ did not clearly err in making an adverse credibility determination, noting that such a determination can be supported by any inconsistency.  The BIA also found that the IJ gave Patel the opportunity to address the inconsistencies during his merits hearing, and noted that Patel's appeal did not address the IJ's finding regarding the lack of corroborating evidence.  The BIA affirmed the IJ's denial of CAT relief because it found that there was no clear error in the adverse credibility determination that the denial was

4

based upon, and it affirmed the denial of withholding of removal because Patel failed to meet his lower burden of proving asylum eligibility.  This is Patel's appeal.

## II.

Patel contends that the BIA did not have credible evidence to support the adverse credibility finding it relied on to deny Patel asylum, withholding of removal, and relief under CAT.

To establish asylum eligibility based on political opinion an applicant "must, with credible evidence, establish (1) past persecution on account of her political opinion . . . or (2) a 'well-founded fear' that her political opinion . . . will cause future persecution."  Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1230–31 (11th Cir. 2005) (quoting 8 C.F.R. § 208.13(a), (b)).  In the absence of other evidence of persecution "an adverse credibility determination is alone sufficient to support the denial of an asylum application."  Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005).  Because an applicant faces an even higher burden in establishing eligibility for withholding of removal or protection under the Convention Against Torture, when an applicant "has failed to establish a claim of asylum on the merits, he necessarily fails to establish eligibility for" those forms of relief.  Id. at 1288 n.4.

5

Because the BIA did not expressly adopt the IJ's decision, we review only the decision of the BIA. See Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). We review credibility determinations under the substantial-evidence test. Chen v. U.S. Att'y Gen., 463 F.3d 1228, 1230–31 (11th Cir. 2006). Under that standard we will reverse the BIA's credibility findings "only if the evidence compels a reasonable fact finder to find otherwise." Id. at 1231 (quotation marks omitted).

The BIA must support an adverse credibility determination with "specific, cogent reasons" for that determination. Kueviakoe v. U.S. Att'y Gen., 567 F.3d 1301, 1305 (11th Cir. 2009). "The burden then shifts to the alien to show that the credibility decision was not supported by 'specific, cogent reasons' or was not based on substantial evidence." Id. In making a credibility finding, the BIA may base its considerations on inconsistencies between a respondent's testimony and other documents in the record. See 8 U.S.C. § 1229a(c)(4)(C). The BIA may rely on any relevant credibility consideration without regard for whether such factors go to the heart of the claim. See Shkambi v. U.S. Att'y Gen., 584 F.3d 1041, 1049 n.7 (11th Cir. 2009).

Here the BIA's adverse credibility determination was supported by substantial evidence. Patel does not dispute that there were inconsistencies in his testimony, but argues only that these inconsistencies were too "minor and isolated"

6

to support an adverse credibility determination.  That contention does not stand up to scrutiny.  The BIA provided detailed descriptions of why three different portions of Patel's testimony raised credibility concerns, providing an abundance of "specific, cogent reasons" supporting its credibility determination.  Kueviakoe, 567 F.3d at 1305.  Specifically the BIA found that there were inconsistencies about whether Patel sought out medical treatment following the first attack and whether he reported the second attack to the police and was threatened in the process.  It also found implausible Patel's testimony that his 11-month-old son asked him the meaning of the word "orphan" after BJP members threatened the child in a park.  These inconsistencies involve major details that call into question the severity of the alleged attacks and whether the police were controlled by the BJP.  The BIA was permitted to rely on these considerations in making a credibility determination regardless of whether they go to the heart of Patel's claims.  See Shkambi, 584 F.3d at 1049 n.7.  So we cannot find that the evidence compels a reasonable fact finder to find Patel credible.  Chen, 463 F.3d at 1231.

Because Patel's contention that his adverse credibility determination was not supported by substantial evidence fails his remaining claims must also fail.  Patel contends that the BIA erred in finding that he did not have a credible fear of future persecution, arguing that his testimony shows that he was targeted for attacks in India based on his political opinion.  But the testimony that Patel relies on was not credible

and he did not present convincing corroborating evidence to substantiate his fear of future persecution, so he has not shown that he is eligible for asylum.  See Forgue, 401 F.3d 1287.

Patel also contends that the BIA erred in failing to provide any discussion of why he is ineligible for withholding of removal "other than stating he had not met his burden of showing he was eligible for asylum."  But it is clear from the record that Patel is ineligible for withholding of removal for the same reason that the BIA found him ineligible for asylum and CAT relief:  given the adverse credibility finding he has not presented any credible evidence that he will be persecuted at all if he returns to India.  So he has failed to show  the "clear probability of persecution" necessary for withholding of removal, and also cannot demonstrate that he is eligible for CAT relief due to a likelihood that he will be tortured with the acquiescence of the Indian government.  See Rodriguez Morales v. U.S. Atty. Gen., 488 F.3d 884, 891 (11th Cir. 2007).

**PETITION DENIED.**